**C. E. LOVE et al., Appellants,**

v.

**R. R. WILSON et al., Appellees.**

Court of Appeals of Kentucky.

June 24, 1960.

Milton J. Luker, Charles R. Luker, Jr., London, for appellant.

Russell Jones, Fritz Krueger, Don E. Cooper, Somerset, for appellee.

MILLIKEN, Judge.

This action was brought by the Somerset Commandery No. 31, Knights Templar, hereinafter referred to as the Commandery, against Somerset Chapter No. 25, Royal Arch Masons, hereinafter referred to as the Chapter, and Somerset Lodge No. 111, Free and Accepted Masons, hereinafter referred to as the Lodge. The suit was brought to quiet title in the Commandery of real property in Somerset, known as the Masonic Building, by having cancellation adjudged of two deeds executed in 1946 by designated trustees, allegedly acting without authority, each of which deeds conveyed an undivided one-third interest in the Masonic Building. After the commencement of this action, the Chapter voluntarily conveyed its interest under the deed back to the Commandery, and the action was dismissed as to it.

In 1899 the Lodge and Chapter purchased the Masonic Building, but on account of financial difficulties they lost the property in 1903. It was then sold to individuals, in whose hands it remained until 1922. In 1922 the Commandery purchased the property, paying in cash $5,000 and borrowing $25,000 on its own credit. The building was managed by a building committee, designated as trustees, who were elected by the Commandery.

By the trustees' prudent management, the debt incurred was paid. No rent was charged the Commandery, the Lodge, the Chapter or the Order of Eastern Star, which also used the building. However, each organization and especially the Lodge paid for some furniture used in their common meeting room, and also may have made small donations on the indebtedness.

It is stipulated that the deeds executed in 1946 were not authorized of record by the Commandery. It is conceded that the trustees could have conveyed the property if authorized by resolution of the Commandery, but not otherwise. There is nothing in the record to show that the Commandery ratified or approved either of the deeds, or even had notice that such deeds had been executed. The record is silent as to the authority of the trustees to execute the deeds, except a possible inference in a resolution of March 4, 1930, which requested that "the trustees find out a way or means whereby the deed for the Building could be transferred into the name of the three (3) Masonic Bodies."

■ There is nothing in the record which supports the contention that the Commandery took legal title to the Masonic Building pursuant to a trust agreement. No written agreement was introduced, and the Lodge's witnesses on this point, none of whom were members of the Lodge or the Commandery in 1922, testified only that they had heard or understood that the Commandery was holding it for the other Masonic organizations in Somerset, so that the other organizations' credit would not be impaired.

■ The chancellor found that some of the trustees who executed the deeds sought to be canceled knew at the time they were not authorized by the Commandery to execute them, a conclusion based on adequate evidence. CR 52.01.

The judgment is affirmed.

BIRD, J., not sitting.